The **FLEETWOOD COMPANY**, Assignee of Cosmetic Manufacturing Co., Appellant,

v.

The **MITCHUM COMPANY**, Appellee.

Patent Appeal No. 7006.

United States Court of Customs and Patent Appeals.

Nov. 14, 1963.

Rehearing Denied Jan. 17, 1964.

James R. McKnight, Chicago, Ill., for appellant.

Martin J. Beran, Alfred E. Page, New York City (Alex Friedman, Blum, Moscovitz, Friedman, Blum & Kaplan, New York City, of counsel), for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

WORLEY, Chief Judge.

Fleetwood seeks registration of "FAYD" as a trademark[1] for a skin cream. Mitchum opposes on its prior use of "Esoterica" on skin creams with which it employs the word "fade." Mitchum argues that "FAYD" is the phonetic equivalent of "fade" and, therefore, descriptive of skin creams; that registration of "FAYD" "would be likely to cause confusion and mistake and to deceive purchasers into believing that applicant has the sole and exclusive right to the generic and descriptive word 'fade' and minor variations or misspellings thereof".

In sustaining the opposition the Trademark Trial and Appeal Board stated:[2]

"The word 'fade' is both an adjective and a verb but as an adjective

1. Serial No. 66,702, filed January 29, 1959.    2. 134 USPQ 41.

it has no meaning as applied to a bleaching skin cream. There can be no real question but that the verb 'fade' describes the action of a bleaching skin cream. As the record shows, opposer, applicant and other sellers of bleaching skin cream have used the terms 'fade' or 'fades' descriptively. It is true that applicant does not use 'FADE' as a mark and that the mark that it does use, viz., 'FAYD' is not a dictionary term and is not used by opposer. Applicant's mark 'FAYD,' however, is but the phonetic equivalent of 'fade' and notwithstanding the misspelling, does not lose that identity, that is to say, the purchasing public of bleaching skin creams would recognize 'FAYD' as being the equivalent of 'fade' and meaning 'fade'. cf. Weiss Noodle Company v. Golden Cracknel and Specialty Company [290 F.2d 845, 48 CCPA 1004], 129 USPQ 411 (CCPA, 1961).

"Since opposer has used the term 'fade' for a long period of time in conjunction with the sale and advertising of its bleaching skin cream, it is entitled to be free from any possible restraint in the use of that term. The presumptions arising from a registration of 'FAYD' for skin cream would be inconsistent with opposer's rights to continue using 'fade' in its proper sense in connection with the sale of bleaching skin creams. * * *"

We are unable to agree with that reasoning or conclusion. "Fade" merely suggests a desired result of the instant skin creams, but can hardly be held descriptive of the creams themselves. Granted that "FAYD" is the phonetic equivalent of "fade," under the facts here we see no reason why that circumstance should preclude its registration.

We agree with the board that opposer should be free to continue its use of "fade" in a descriptive sense. We are aware of no statute or other authority, and none is cited, by which registration of "FAYD" could in anywise prevent opposer or others from continuing to do so.

The decision is reversed.

Reversed.